UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

LOUIE J. AQUILINO and
ROBIN AQUILINO,

Debtors.

Case No. 20-15628 (JNP)

Chapter 7

Judge: Jerrold N. Poslusny, Jr.

# AMENDED MEMORANDUM DECISION[1]

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Debtors' former counsel, Spector Gadon Rosen Vinci, P.C. ("SGRV"), filed a complaint in the United States District Court for the Eastern District of Pennsylvania (the "District Court") against Louie Joseph Aquilino and Robin Aquilino ("Debtors"), for collection of alleged unpaid legal fees and costs approximating $229,000, arising, at least in part, in connection with SGRV's representation of Debtors in this Chapter 7 case and related adversary proceedings. Debtors filed a Motion for Review of Attorney Compensation Pursuant to Section 329 and Bankruptcy Rule 2016 (the "Motion to Review") in this case. Dkt. No. 285. SGRV filed a response and cross-motion to stay a decision related to the Motion to Review, averring, among other things, that this Court does not have subject matter jurisdiction (the "Cross-Motion"). Dkt. No. 287. Alternatively, SGRV argues the fee agreement with Debtors was for reasonable post-petition fees, and the firm only attempted to collect against property outside of the bankruptcy estate. Id.

---

[1] The Court amends the Memorandum Decision dated February 6, 2023 (the "Initial Decision," Dkt. No. 310), pursuant to section 105(a) of the Bankruptcy Code, to include information disclosed by SGRV after the Initial Decision was docketed. The only changes are to delete language on page 13, and add Section II.D.

Debtors then filed a Motion to Disgorge Attorney Fees (the "Motion to Disgorge" and with the Motion to Review, the "Motions") alleging SGRV failed to comply with the disclosure requirements under sections 526, 527, and 528 of the Bankruptcy Code, and that SGRV violated the automatic stay. Dkt. Nos. 290, 298. A hearing on the Motions was held on October 18, 2022.

Because the Court concludes it has "arising under" (core) jurisdiction to consider the Motions, and that SGRV did not comply with the disclosure requirements of section 329 of the Bankruptcy Code, the Motion to Review will be granted and the Cross-Motion denied, and the Motion to Disgorge will be denied as moot.

### I.  Background

On April 1, 2020, Nancy Abrams, a member at SGRV, sent Debtors an email stating that SGRV would charge a flat fee to represent Debtors in filing a Chapter 7 bankruptcy. Dkt. No. 285-5. On April 16, 2020 (the "Petition Date"), SGRV filed a Chapter 7 Voluntary Petition on behalf of Debtors. Dkt. No. 1. Along with the petition, SGRV filed a Disclosure of Compensation of Attorney for Debtor(s) as required by Bankruptcy Rule 2016(b). Paragraph 1 of the 2016(b) Statement states that SGRV agreed to accept $2,500 for "services rendered or to be rendered on behalf of the debtor(s) in contemplation or in connection with the bankruptcy case . . . ." which Debtors had paid. Id. In July, SGRV filed an amended 2016(b) Statement (the "2016(b) Statement"); SGRV corrected a typographical error by changing paragraph 1 to state that SGRV had agreed to accept and Debtors had paid $3,500. Dkt. Nos. 64, 287. Paragraph 6 of both 2016(b) Statements state: "in return for the above-disclosed fee, <u>I have agreed to render legal service for all aspects of the bankruptcy case, including</u>: . . . [r]epresentation of the debtor in <u>adversary proceedings and other contested bankruptcy matters</u>." Dkt. Nos. 1, 64 (emphasis added). Paragraph 7 of both 2016(b) Statements states "the above-disclosed fee does not include the following services" and was left blank by SGRV. Id.

2

Despite these representations, on June 12, SGRV sent Debtors an invoice for services through May 15. Dkt. No. 285-4. SGRV's billing statements show that SGRV billed Debtors for services from March 30, 2020, and through February 15, 2022. Dkt. No. 285-10. These services include bankruptcy-specific work that SGRV represented was included in the $3,500 on the 2016(b) Statement, such as "Pre-bankruptcy planning, preparation of Petition and Schedules, attendance at 341(a) hearing." Dkt. No. 64. There is no sign in any of the billing statements that SGRV applied Debtors' $3,500 payment listed on the 2016(b) Statement to any of SGRV's invoices.

In August 2021, Debtors returned an executed copy of a letter agreement to SGRV which outlined an agreement for payment of outstanding legal fees for post-petition services. Dkt. No. 285-9. The letter states that SGRV's fees and costs were $152,200, but that SGRV would reduce the amount to $113,000; that Debtors would pay $100,000 to SGRV at the closing of the sale of one of Debtors' properties; and the remaining $13,000 to be paid via the new fee agreement after closing. Id. SGRV did not revise the 2016(b) Statement to reflect the new arrangement. Dkt. No. 285. On August 12, SGRV emailed Debtors acknowledging that a $5,000 post-petition payment was made by Debtors, and the payment was credited on SGRV's invoice dated August 28. Dkt. Nos. 285-10, 287-4. On December 20, 2021, alleging non-payment of its attorney's fees, SGRV filed a Motion to Withdraw as Attorney for Debtors. Dkt. No. 192.

In January 2022, Debtors filed a Substitution of Attorney by which S. Daniel Hutchinson replaced SGRV as Debtors' counsel. Dkt. No. 207. SGRV provided Mr. Hutchinson a copy of Debtors' file in July 2022, but Mr. Hutchinson alleges that several documents were missing, including an executed pre-petition fee agreement between Debtors and SGRV. Dkt. No. 285.

On March 9, 2022, SGRV sued Debtors to collect their fees in the District Court. See Spector Gadon Rosen Vinci, P.C. v. Aquilino, (Case No. 22-905 E.D. Pa.) (the "Pennsylvania Case"). Debtors moved to dismiss or transfer the Pennsylvania Case, alleging improper venue which the District Court denied. Id. After that, Debtors asked the District Court to stay the Pennsylvania Case, which was denied. Id. Debtors then filed the Motion to Review in this Court seeking: a stay of the Pennsylvania Case; a review of whether SGRV had proper fee agreements with Debtors; and a review of SGRV's billing records as to whether they were excessive or unreasonable. Dkt. No. 285.

Debtors argue this Court has jurisdiction to consider the Motion to Review because the review of an attorney's fee arrangement with a debtor is a core proceeding over which a bankruptcy court may enter final orders. Dkt. No. 289. Debtors also allege that as a result of SGRV not filing fully executed pre-petition fee agreements with the Court, the hourly billing for post-petition services is rendered dischargeable due to a violation of section 329 of the Bankruptcy Code, and Bankruptcy Rule 2016(b). Id. In the Motion to Disgorge, Debtors argue SGRV was a "debt relief agency" and Debtors were "assisted persons" under the Bankruptcy Code. Dkt. No. 290-1. Therefore, according to Debtors, SGRV failed to meet the requirements of sections 526-28 of the Bankruptcy Code. Id.

SGRV argues that this Court does not have jurisdiction, or at best has non-core "related to" jurisdiction because SGRV's collection action seeks to collect unpaid fees from assets outside of the bankruptcy estate. Dkt. No. 287. SGRV also argues that it is entitled to a jury trial, which this Court is unable to accommodate, due to SGRV's state common law claims. Id. Furthermore, SGRV argues it complied with section 329 and Rule 2016(b) since neither requires SGRV to list additional fees such as post-petition legal services. Id. SGRV additionally argues that its attorney

4

fees are reasonable, and that Debtors forced SGRV to conduct extensive analyses of the Debtors' assets without cooperation. Id. Finally, SGRV contends it is not a "debt relief agency" as defined under section 101 of the Bankruptcy Code, and therefore SGRV did not violate sections 526-28.

## II.    Discussion

### A. Jurisdiction

Section 1334(b) of the Judicial Code outlines a court's subject matter jurisdiction over bankruptcy cases. See 28 U.S.C. § 1334(b). Section 157(a) of the Judicial Code permits district courts to refer bankruptcy matters to a bankruptcy court. See 28 U.S.C. § 157; In re Combustion Eng'g, Inc., 391 F.3d 190, 225 (3d Cir. 2005). The Standing Order of the United States District Court for the District of New Jersey dated July 10, 1984, as amended September 18, 2012, refers all bankruptcy cases in this District to the Bankruptcy Court.

Section 157(b) of the Judicial Code provides bankruptcy courts with jurisdiction to hear: (1) cases "under" Title 11; (2) cases "arising under" Title 11; (3) cases "arising in" a bankruptcy case; and (4) cases "related to" a bankruptcy case. In re Exide Techs., 544 F.3d 196, 205 (3d Cir. 2008); see also 28 U.S.C. § 157(b). The category of cases "under" Title 11 "refers merely to the bankruptcy petition itself." Combustion Eng'g, 391 F.3d at 225-26 n.38 (quotation and citation omitted). A case "arises under" Title 11 "if it invokes a substantive right provided by title 11." In re Guild & Gallery Plus, Inc., 72 F.3d 1171, 1178 (3d Cir. 1996). Proceedings "arise in" a bankruptcy case, "if they have no existence outside of the bankruptcy." U.S. Tr. v. Gryphon at the Stone Mansion, Inc., 166 F.3d 552, 556 (3d Cir. 1999). Finally, a proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984); see

also In re Federal–Mogul Global, Inc., 300 F.3d 368, 381 (3d Cir. 2002) (noting that Pacor "clearly remains good law in this circuit" in this respect).

The first three categories are "core" "whereas proceedings 'related to' a case under title 11 are referred to as 'non-core' proceedings." Combustion Eng'g, 391 F.3d at 225. If a matter is core under section 157, then the bankruptcy judge may enter final orders in the matter. In re USDigital, Inc., 461 B.R. 276, 279 (Bankr. D. Del. 2011) (citing Stern v. Marshall, 564 U.S. 462, 486-87 (2011)).

The question here is whether this Court has jurisdiction to consider whether SGRV had a duty to disclose terms of SGRV's post-petition retention and compensation, and if so, if that jurisdiction is "core" or "non-core." "Section 157(b)(2) sets forth a non-exclusive list of core proceedings. If a matter fits into one of the 16 categories enumerated in the statute it is core." USDigital, 461 B.R. at 284. The court in USDigital further determined that a matter may be core even if not enumerated "[1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." USDigital, 461 B.R. at 285 (quoting Schubert v. Lucent Techs. (In re Winstar Commc'ns., Inc.), 554 F.3d 382, 405 (3d Cir. 2009)).

Debtors brought the Motion to Review under section 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b). Dkt. No. 289. Section 329 of the Bankruptcy Code states:

> [a]ny attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

6

11 U.S.C. § 329(a) (emphasis added). There are no enumerated core proceedings within which these issues appear to fall. See 28 U.S.C. § 157(b)(2). However, the disclosure requirements for a debtor's attorney in a bankruptcy case could only arise in the context of a bankruptcy case – without a bankruptcy case, there would not be a debtor, and the attorney would not have a duty to disclose. Therefore, the Court has core jurisdiction over the Motion to Review.[2]

Finally, venue is proper in this Court pursuant to 28 U.S.C. § 1408.

### B. The Motion to Review

The Bankruptcy Code and Rules require attorneys to promptly disclose their fee arrangements and all payments related to the bankruptcy. See 11 U.S.C. § 329; Fed. R. Bankr. P. 2016; In re Stewart, 970 F.3d 1255, 1258 (10th Cir. 2020). "Section 329 and Rule 2016 are fundamentally rooted in the fiduciary relationship between attorneys and the court. Thus, the fulfillment of the duties imposed under these provisions are crucial to the administration and disposition of proceedings before the bankruptcy courts." In re Downs, 103 F.3d 472, 480 (6th Cir. 1996). See also In re Futuronics Corp., 655 F.2d 463, 470 (2d Cir. 1981).

Rule 2016(b) implements section 329, and mandates an attorney, "whether or not the attorney applies for compensation" to file a 2016(b) statement within fourteen days after a petition is filed, and a supplement after any agreement not previously disclosed. Fed. R. Bankr. P. 2016(b). In re Busillo, 2018 WL 6131767, *3 (Bankr. D.N.J. 2018). Because section 329 is not limited to specific Chapters of Bankruptcy Code, and specifically requires disclosure even if a debtor's attorney does not apply for compensation, the Court concludes that section 329 applies to attorneys representing a debtor in Chapter 7. See 11 U.S.C. § 329(a). Therefore, a Chapter 7 debtor's attorney

---

[2] Although SGRV did not challenge the Court's jurisdiction over the Motion to Disgorge, the Court has jurisdiction over that motion for the same reasons.

7

has a duty to properly disclose what services are included and not included in payments received. The attorney also has a duty to disclose additional fees they have agreed to accept in connection with the case, what has been paid, and the balance. The duty exists even though a Chapter 7 debtor's attorney is not required to seek court approval of such fees.

Debtors argue SGRV violated section 329 and Bankruptcy Rule 2016(b) because the firm failed to provide this Court with an accurate 2016(b) Statement. Debtors also claim the 2016(b) Statement controls the terms of SGRV's compensation, which states that Debtors paid $3,500 as a flat fee with no limitation on services in connection with this bankruptcy. Further, Debtors claim SGRV's invoice dated June 12, 2020, included pre-petition work and that attempts to collect those fees are a violation of the automatic stay under section 362.

SGRV claims it did not violate the requirements under section 329 and Rule 2016(b) because the 2016(b) Statement does not require "counsel to list any additional fee(s) which the debtor will be required to pay for additional services not covered by the fee stated on the form." In re Mansfield, 394 B.R. 783, 787 (Bankr. E.D. Pa. 2008). Also, SGRV argues that its claim is not a pre-petition claim against the estate. Instead SGRV alleges it seeks payment for post-petition services provided to Debtors and will only seek payment from non-estate assets, which is not in violation of the automatic stay.

SGRV further argues there were communications and a letter agreement between the parties describing the firm's intent to bill for additional post-petition services at an hourly rate. SGRV submitted an email between Leslie Baskin, a member at SGRV, and Nancy Abrams in April 2020 stating that the $3,500 flat fee might not cover additional litigation, Dkt. No. 285-5, and Ms. Baskin's certification states that she informed Debtors that this was possible. Dkt. No. 287-4.

In Busillo, this Court found that when the terms set forth in the 2016(b) Statement and a Chapter 13 debtor's retainer agreement contradicted one another, the disclosures in the 2016(b) Statement controlled. Busillo, 2018 WL 6131767 at *4. The debtors' counsel in Busillo argued it was owed fees in addition to the flat fee listed on the 2016(b) Statements. Id. at *1-2. The 2016(b) Statements in Busillo stated, "[f]or legal services, I have agreed to accept $3,500. . . . In return of the above disclosed fee, I have agreed to render legal services for all aspects of the bankruptcy case, including: . . . [r]epresentation of the debtor in adversary proceedings and other contested matters . . . ." Id. at *1. This Court noted that these disclosures did not: list any services that were excluded from the disclosed fee; state that the $3,500 was a retainer; or state that the law firm intended to bill at an hourly rate post-petition. Id. at *4. The debtors' attorney argued that schedules and other disclosures besides the 2016(b) Statements portrayed the parties' understanding of attorney's fees. Id. at *5. However, this Court interpreted the argument as attempting to impose a duty on the Court to "ferret out pertinent information" about the parties' intended compensation. Id. at *5; In re Saturley, 131 B.R. 509, 517 (Bankr. D. Me. 1991).

Because the attorney in Busillo did not properly disclose the compensation agreement, this Court concluded it was appropriate to cap fees at $3,500 as per the 2016(b) Statements since SGRV failed to meet its disclosure obligations under section 329 and Bankruptcy Rule 2016(b). Id.

Although Busillo was a Chapter 13 case, and this is a Chapter 7 case, there are important similarities. As in Busillo, the 2016(b) Statement in this case represents that SGRV accepted $3,500 for all bankruptcy-related services. This includes contested matters and adversary proceedings, which could only arise after the Petition Date. See 10 Collier on Bankruptcy ¶ 7001.01 at 7001-2 (16th ed.) ("Adversary Proceedings are separate lawsuits within the context of a particular bankruptcy case . . . ."); id. ¶ 9014.01 at 9014-2-3. SGRV never updated the 2016(b)

9

Statement to include the letter agreement, but nevertheless billed Debtors at an hourly rate and sought to collect those fees. Even if there was a contrary agreement with Debtors' as SGRV asserts, it was not disclosed. SGRV's failure to disclose that post-petition services were not included in the $3,500 fee violated section 329 and was contrary to what SGRV stated in the 2016(b) Statement - that the $3,500 fee included "representation of the debtor in adversary proceedings and other contested bankruptcy matters." Dkt. No. 285-7.

The Court finds that Busillo is applicable, and that SGRV's argument that it is distinguishable because it was a Chapter 13 case fails for the reasons discussed above. The Court further concludes that Mansfield does not apply. The issue in Mansfield was not over a failure to disclose - the debtor's attorney fully disclosed the fee agreement - but whether a portion of the agreed upon fee was dischargeable. 394 B.R. at 786. To the extent Mansfield would require a different conclusion in this case, the Court disagrees with Mansfield.

As noted above, SGRV's disclosures in the 2016(b) Statement in this case are materially the same as in Busillo. As this Court ruled in Busillo, when there are discrepancies between a fee agreement and the 2016(b) Statement, the 2016(b) Statement controls. Busillo, 2018 WL 6131767 at *4. Any emails or agreements between SGRV and Debtors did not absolve SGRV's duty of disclosure to the Court.

In fact, the Court cannot decipher what agreement SGRV had with Debtors. For example, the 2016(b) Statement indicates that Debtors had paid $3,500, but the billing statements attached to the Pennsylvania Case complaint do not show that this was ever credited to Debtors' account. Moreover, SGRV is seeking to collect pre-petition fees in the Pennsylvania Case, in violation of the automatic stay, and for services that were allegedly included in that $3,500 pre-petition payment. In addition, SGRV started charging, and seeks to collect fees for work done immediately

10

after the Petition Date, and allegedly included in the $3,500 fee disclosed in the 2016(b) Statement. Finally, when SGRV filed the amended 2016(b) Statement in July 2020, it had been billing Debtors for three months (for services the 2016(b) Statement listed as included in the fee paid) but did not disclose those fees or that certain services were not included in SGRV's representation of Debtors. It is troubling to the Court that SGRV realized there was a typographical error in the initial 2016(b) Statement regarding the amount of the fee (allegedly) billed and received, but SGRV did not realize or correct the disclosures of services included and excluded in paragraphs 6 and 7.

SGRV could have listed services it intended to exclude from the 2016(b) Statement under paragraph 7 which states "[b]y agreement with the debtor(s), the above-disclosed fee does not include the following service[.]" But it left the response to that paragraph blank. Specifically, SGRV could have deleted or stricken the services in paragraph 6.d. ("representation of the debtor in adversary proceedings and other contested bankruptcy matters,") and listed them among the excluded services in paragraph 7.

After the October 18 hearing, SGRV filed a letter attempting to explain the 2016(b) Statement:

> The convention our firm has always followed in completing this paragraph is to circle or check which of the sub-categories (a through e) apply. In completing the forms, none of the sub-categories were deemed applicable, so instead the following language was inserted to describe the scope of the legal services for which the referenced compensation was intended. Here, those services were described in a limited way to include "Pre-bankruptcy planning, preparation of Petition and Schedules, attendance at 341(a) hearing." Other services, such as representation in adversary proceedings and other matters were not included and therefore were excluded as a result.

Dkt. No. 301. Even if this were true, the plain reading of paragraph 6.d. of the 2016(b) Statement is that the flat fee included "[r]epresentation of the debtor in adversary proceedings and other

11

contested bankruptcy maters." Moreover, paragraph 7 (services not included in the fee) is blank. SGRV should have deleted or crossed out services not included in paragraph 6, but it did not, leaving the Court to conclude that all services were included. This is especially true when SGRV did not list any excluded services in paragraph 7. Also troubling is that even if the services inserted in paragraph 6.e. were the only services included in the fee, they were billed and included in the amount SGRV seeks to recover in the Pennsylvania Case.

As in Busillo, it is not the Court's duty to ferret out if the 2016(b) Statement accurately disclosed SGRV's intended method of compensation. 2018 WL 6131767 at *5. SGRV's convention to circle subcategories on the 2016(b) Statement is irrelevant - the 2016(b) Statement in this case states that the $3,500 flat fee covers all services and litigation costs in connection with this bankruptcy.

SGRV failed to make the required disclosure under section 329 and Rule 2016. SGRV did not disclose that any services in connection with the bankruptcy case were excluded from the $3,500 paid. SGRV also did not disclose the payments outlined in the letter agreement with Debtors which are significantly different than the terms of compensation set out in the 2016(b) Statement. According to the 2016(b) Statement before the Court, SGRV was owed and paid $3,500 for all legal services in connection with this bankruptcy.

SGRV had a fiduciary duty to this Court to accurately state its agreement with Debtors in the 2016(b) Statement filed with the Court and to timely and accurately update any new fee arrangements made with Debtors in connection with the case. See In re Stewart, 970 F.3d 1255 (10th Cir. 2020). SGRV either made an egregious mistake, treated its duty to disclose too casually, or was intentionally misleading the Court by failing to properly disclose. Because of SGRV's failure to disclose, SGRV is subject to sanctions.

In Downs, the Sixth Circuit explained that "[i]n cases involving an attorney's failure to disclose his fee arrangement under 329 or Rule 2016, . . . the courts have consistently denied all fees." 103 F.3d at 478. See also Stewart, 970 F.3d at 1267-68 (default sanction is full disgorgement of fees); In re Park-Helena Corp., 63 F.3d 877, 882 (9th Cir. 1995) ("Even a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees . . . . The court's denial of all fees was within its discretion."); In re Redding, 263 B.R. 874, 880 (B.A.P. 8th Cir.), amended in part, 265 B.R. 601 (B.A.P. 8th Cir. 2001) ("It is well settled that disgorgement of fees is an appropriate sanction for failure to comply with the disclosure requirements of section 329 and Rule 2016.").

Based on SGRV's billing statements, it appears SGRV seeks to collect all fees incurred in connection with this case as part of the Pennsylvania Case. This includes pre-petition services, which would be in violation of the automatic stay. See 11 U.S.C. § 362. The complaint included the services SGRV alleges were part of the $3,500 fee, which would be a further violation of its duty to disclose. Moreover, SGRV amended the 2016(b) Statement to correct a typo in the fee but neglected to correct the terms of retention or disclose additional amounts that had been billed.

Therefore, the Court determines that the appropriate sanction is to require SGRV to disgorge all fees it received in connection with the bankruptcy case and to disallow any other fees it is seeking to collect that were incurred in connection with the bankruptcy case.[3] ~~The Court orders the $3,500 fee listed on the 2016(b) Statement be turned over to the Chapter 7 Trustee as a pre-petition asset. Any post-petition payments by Debtors in connection with this case must be turned over to Debtors.~~ [The Court's order is discussed in Section II.D., below.]

---

[3] The Court concludes that the stay violation is adequately addressed as part of the requirement that SGRV disgorge all fees in connection to the bankruptcy.

13

The Court's ruling is limited only to work in connection to the bankruptcy case. See 11 U.S.C. § 329. Fees for any other services SGRV provided to Debtors are not within this Court's jurisdiction.

However, the Court declines to stay the Pennsylvania Case because the remaining fees at issue, if any, will not be in connection with the bankruptcy and this Court does not have jurisdiction. For the same reasons, the Court has no basis to review the remaining fees sought for reasonableness.

### C. The Motion to Disgorge

Because the Court orders SGRV to disgorge all fees it collected in connection to the bankruptcy case, the Motion to Disgorge is moot, and will be denied.

### D. Amended Decision

After the Initial Decision was docketed, the Court ordered Mr. Hutchison to prepare, circulate, and submit a proposed order. See Minute Feb. 6, 2023. On February 10, Mr. Hutchison e-mailed a proposed order to the Court, and copied Daniel Dugan at SGRV. Mr. Dugan e-mailed a response on February 17, in which he discloses that the $3,500 listed on the 2016(b) Statement was not received from Debtors,[4] but from Stars & Stripes, LLC, whose sole member is Louie Aquilino. See E-mail from Daniel Dugan to Court (Feb. 17, 2023, 3:54 p.m., attached as Exhibit "A", without attachments). The e-mail further disclosed that the $5,000 post-petition payment was also received from Stars & Stripes. See id.

---

[4] The Court required the that the $3,500 pre-petition payment be turned over to the Trustee because of SGRV's representation in the 2016(b) Statement that those funds were received from Debtors, and, therefore, would have been property of the estate.

14

This additional disclosure is relevant because paragraph 3 of the 2016(b) Statement states "[t]he source of the compensation paid to [SGRV] was: Debtor." This is another instance of SGRV's failure to make accurate disclosures related to its compensation and provides further support for the Court's conclusion that SGRV failed to make the required disclosures under section 329 of the Bankruptcy Code and Rule 2016(b).[5]

However, it is necessary to amend the Initial Decision to correct the parties to which the disgorged funds should be returned. SGRV will be required to disgorge all pre-petition payments from Debtors in connection with this case to the Trustee, and any other payments received in connection to this case to the party from which such payments were received.

### III. Conclusion

Because the 2016(b) Statement filed by SGRV states that the $3,500 fee included all bankruptcy-related issues and SGRV did not amend the 2016(b) Statement to disclose further amounts that Debtors agreed to pay, SGRV violated the disclosure requirements of section 329 and Rule 2016(b). The default sanction is disgorgement of SGRV's compensation in connection with the bankruptcy case, including the $3,500 listed on the 2016(b) Statement. Therefore, SGRV may only seek to collect fees in the Pennsylvania Case that were not incurred in connection with this bankruptcy case. Thus, the Motion to Review is granted, the Cross-Motion is denied, and the Motion to Disgorge is denied as moot.

Dated: February 23, 2023

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE

---

[5] In light of this additional disclosure, SGRV provided incorrect or misleading responses to four of the seven paragraphs in the 2016(b) Statement.